MATHEW^, Justice.
' ’ This is, an appe’al’ froth a final'decree in a chancery proceeding wherein the Chancellor held that the charges of the telephone company made against the appellant, owner of a resort hotel, for telephone equipment ’arid service furnished by the Winter Park Telephone Company, constituted charges for “telephone service only” although some items in the list of charges may be classified as rental for telephone equipment.
Appellee, a municipal corporation, was authorized to levy a ten per cent utility tax on the entire and aggregate amount of the charges made by the telephone company for telephone service.
It appears that the appellant operated a resort hotel and contracted with the telephone company for service, equipment and facilities, such' as, switch board, 79 individual handséfs or stations, connecting wiring and two trunk lines for messages in and óut of'the-hotel. The appellant contended in the Court below that there was a difference between telephone equipment and *602 facilities and telephone service and that the appellee municipality was entitled to levy a tax for telephone service, but not for the additional equipment and facilities which were used in connection with the telephone service.
In and by his final decree the Chancellor found that all of the charges made were “all charges for telephone service, even though the contract sets forth individual charges for each of the enumerated items” and that the tax “is a tax upon telephone service only”.
The word “service” is defined in Section 364.02 F.S., F.S.A., as follows:
“The term ‘service,’ is used in this chapter in its broadest and most inclusive sense.”
Other appropriate definitions may be found in the American College Dictionary.
Rates charged by a telephone company for telephone service are fixed and established by the Florida Railroad and Public ■ Utilities Commission. A private branch telephone system in a hotel would be of no use for communicating outside of the hotel without the trunk lines and the service rendered by the telephone company. The switch board, individual handsets or stations, connecting wiring, connected with the trunk lines, all of which are furnished by the telephone company constitute a part of the telephone service rendered by the telephone company and as such, the charges are subject to the ten per cent utility tax levied by the appellee.
The case of Commonwealth v. Bell Telephone Co. of Pennsylvania, 348 Pa. 161, 34 A.2d 531, 533, is applicable in this case. In that case the Court said:
“ * * * This argument overlooks the fact that any device or apparatus which renders the transmission more effective, even though it may not be absolutely needed, is a component part of the transmitting instrumentality; if the Company’s argument were valid, it would apply with equal force to dialing equipment, ‘French’ phones and many other improvements and gadgets, indeed to all telephone equipment other than that used in the first years of telephonic communication. The payments which the subscriber makes to the Company, whether for the use of standard or additional apparatus, are all made by him for the transmission of telephone messages, that being the sole purpose of his subscription.”
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.